(C.D. 3324)

NEW YORK MERCHANDISE CO., INC. v. UNITED STATES

United States Customs Court, Second Division

(Decided February 29, 1968)

*Siegel, Mandell & Davidson* for the plaintiff.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Before RAO, FORD, and BECKWORTH, Judges

RAO, Chief Judge: The merchandise covered by the instant protest consists of battery-operated lanterns which were assessed with duty under the provisions of paragraph 339 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, at 19 per centum ad valorem for household utensils, not specially

provided for, whether or not containing electrical heating elements as constituent parts.

It is claimed in said protest that said merchandise is properly dutiable at the rate of 13¾ per centum ad valorem under the provisions of paragraph 353 of said act, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, for articles having as an essential feature an electrical element or device.

This protest has been submitted for decision upon a written stipulation of counsel for the respective parties hereto which reads as follows:

IT IS STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States:

That the items marked "A", and checked JB (Comm. Spec's Initials) by Commodity Specialist J. Bistreich (Comm. Spec's Name) on the invoices covered by the protest enumerated above, assessed with duty at 19 per centum ad valorem under the provisions of paragraph 339, Tariff Act of 1930, as modified, consist of battery operated lanterns, which contain as an essential feature an electrical element or device, which are claimed dutiable at 13¾ per centum ad valorem under the provisions of paragraph 353, Tariff Act of 1930, as modified.

That said merchandise is not an illuminating article, lighting fixture, or lamp, nor does it contain any electrical heating elements as constituent parts thereof.

That the protest be deemed submitted on this stipulation, the protest being limited to the items marked with the letter "A", as aforesaid, and abandoned as to all other items.

Upon the agreed facts we hold the merchandise here in question, identified by invoice items marked and checked as aforesaid, to be dutiable at the rate of 13¾ per centum ad valorem under the provisions of paragraph 353 of said act, as modified by the Torquay protocol, *supra*, for other articles having as an essential feature an electrical element or device. The claim in the protest to that effect is sustained. All other claims are, however, overruled.

Judgment will be entered accordingly.